UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N.P., JACK JASKARAN, AVERY TOLEDO,
PETER ARETE, R.L.,

                Plaintiffs,

    vs.

THE CITY UNIVERSITY OF NEW YORK, CHERYL
HOWARD, Individually, and RODNEY PEPE-
SOUVENIR, Individually,

                Defendants.

Case No. 1:20-cv-03059-NGG-CLP

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHERYL HOWARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(B)(1) AND (B)(6)

**Date Served:  July 6, 2021**

BOND, SCHOENECK & KING, PLLC
    Monica C. Barrett
    Suzanne M. Messer
*Attorneys for Defendant Cheryl Howard*
Office and P.O. Address
600 Third Avenue, 22nd Floor
New York, New York  10016-1915
Telephone:  (646) 253-2300

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 1

ARGUMENT ................................................................................................................................ 1

    I.    PLAINTIFFS' TITLE IX CLAIMS MUST BE DISMISSED .......................................... 1

        A.    There is No Individual Liability Under Title IX........................................................ 1

        B.    Plaintiffs Fail to State Title IX Claims for Discrimination or Retaliation ................. 2

    II.    PLAINTIFFS' CLAIMS ALLEGED AGAINST DEAN HOWARD UNDER
SECTION 1981, 1983, THE NYSHRL AND THE NYCHRL MUST BE
DISMISSED .................................................................................................................... 2

        A.    Plaintiffs' Claims Against Dean Howard in her Official Capacity are Barred
by Sovereign Immunity.............................................................................................. 3

        B.    Plaintiffs' Claims Against Dean Howard in her Individual Capacity Must Be
Dismissed ................................................................................................................... 5

CONCLUSION ............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acquah v. City of Syracuse*,
   2020 WL 1510405 (N.D.N.Y. Mar. 30, 2020) ...........................................................................6

*Amory v. Katz*,
   2016 WL 7377091 (D. Conn. Dec. 19, 2016) .............................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................................5

*Bermudez v. City of New York*,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011) ........................................................................................7

*Chandrapaul v. City Univ. of New York*,
   2016 WL 1611468 (E.D.N.Y. Apr. 20, 2016) ........................................................................2, 6

*Chinn v. City Univ. of New York Sch. of Law at Queens Coll.*,
   963 F. Supp. 218 (E.D.N.Y. 1997) .............................................................................................6

*Chichester v. N.Y. State Dep't of Educ.*,
   2017 WL9485676 (E.D.N.Y. June 15, 2017) ............................................................................3

*Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*,
   140 S. Ct. 1009 (2020) ...............................................................................................................7

*Emmons v. City Univ. of New York*,
   715 F. Supp. 2d 394 (E.D.N.Y. 2010) ........................................................................................4

*Farid v. Smith*,
   850 F.2d 917 (2d Cir. 1988) .......................................................................................................4

*Fitzgerald v. Barnstable Sch. Comm.*,
   555 U.S. 246 (2009) ...................................................................................................................2

*Goonewardena v. New York*,
   475 F. Supp. 2d 310 (S.D.N.Y. 2007) ........................................................................................4

*Jackson v. Williams*,
   2017 WL 1162196 (N.D.N.Y. Mar. 28, 2017) ...........................................................................6

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ...................................................................................................................5

*Mazur v. NYC Dept. of Educ.*,
   53 F. Supp. 3d 618 (S.D.N.Y. 2014)..................................................................................7

*Miotto v. Yonkers Public Sch.*,
   534 F. Supp. 2d 422 (S.D.N.Y. 2008).................................................................................1

*Monell v. Dept. of Social Servs.*,
   436 U.S. 658 (1978)............................................................................................................4

*Murray v. New York Univ. Coll. of Dentistry*,
   57 F.3d 243 (2d Cir. 1995).................................................................................................7

*Nungesser v. Columbia Univ.*,
   244 F. Supp. 3d 345 (S.D.N.Y. 2017)................................................................................7

*Patterson v. County of Oneida*,
   375 F.3d 206 (2d Cir. 2004)...............................................................................................5

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984)..............................................................................................................4

*Powell v. Merrick Acad. Charter Sch.*,
   2018 WL 1135551 (E.D.N.Y. Feb. 28, 2018).....................................................................5

*Romero v. City of New York*,
   839 F. Supp. 2d 588 (S.D.N.Y. 2012).................................................................................1

*Soloviev v. Goldstein*,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ................................................................................3

*Tesoriero v. Syosset Cent. Sch. Dist.*,
   382 F. Supp. 2d 387 (E.D.N.Y. 2005) ................................................................................2

*Transitional Servs. of New York v. N.Y. State Office of Mental Health*,
   91 F. Supp. 3d 438 ..............................................................................................................5

*VFS Fin., Inc. v. Falcon Fifty LLC*,
   7 F. Supp. 3d 372 (S.D.N.Y. 2014) ....................................................................................5

*Weiss v. City Univ. of New York*,
   2019 WL 1244508 (S.D.N.Y. Mar. 18, 2019) ....................................................................4

*Wilson v. State of New York*,
   2017 WL 9674497 (E.D.N.Y. Jan. 24, 2017) ....................................................................7

**Statutes**

42 U.S.C. § 1981(a) ....................................................................................................................3

42 U.S.C. § 1983 .........................................................................................................................2

**PRELIMINARY STATEMENT**

Defendant Cheryl Howard ("Dean Howard") submits this Memorandum of Law in support of her motion, pursuant to Federal Rule 12(b)(1) and (b)(6), seeking dismissal of Plaintiffs' Amended Complaint.[1]  In an effort to eliminate redundancy, Dean Howard adopts, where appropriate, arguments made by Co-Defendants City University of New York ("CUNY") and Rodney Pepe-Souvenir ("Ms. Pepe-Souvenir") in support of their contemporaneous motion(s) to dismiss.  For the reasons that follow, Defendants' motions in all respects should be granted.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Dean Howard adopts and incorporates the "Statement of Alleged Facts" and "Procedural History" sections set forth in the Memorandum of Law in Support of CUNY's Motion to Dismiss.

**ARGUMENT**

**I.     PLAINTIFFS' TITLE IX CLAIMS MUST BE DISMISSED**

    **A. There is No Individual Liability Under Title IX**

The First Cause of Action in Plaintiffs' Amended Complaint is captioned "Sex Discrimination in Violation of Title IX Against All Defendants."  AC, ¶¶ 441-455.  Plaintiffs' Second Cause of Action is entitled "Retaliation in Violation of Title IX Against All Defendants."  AC, ¶¶ 456-463.  Both of these Title IX claims must be dismissed against Dean Howard as a matter of law because "'there is no individual liability under Title IX.'"  *Romero v. City of New York*, 839 F. Supp. 2d 588, 617 (S.D.N.Y. 2012) (quoting *Miotto v. Yonkers Public Sch.*, 534 F.

---

[1] Plaintiffs' N.P. and R.L. have apparently elected to proceed anonymously, but no motion to do so has been filed.  To the extent any of Plaintiffs' claims remain following the Defendants' motions to dismiss, N.P. and R.L. should be required to identify themselves.

Supp. 2d 422, 426 (S.D.N.Y. 2008) and citing *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 396 (E.D.N.Y. 2005)); *see also Chandrapaul v. City Univ. of New York*, No. 2016 WL 1611468, at *14 (E.D.N.Y. Apr. 20, 2016) (citing *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)). Accordingly, the First and Second Causes of Action must be dismissed as against Dean Howard.

### B. Plaintiffs Fail to State Title IX Claims for Discrimination or Retaliation

Even if Plaintiffs' Title IX claims could proceed against Dean Howard individually, those claims are insufficiently pled. Dean Howard adopts and incorporates the arguments made by CUNY in its Memorandum of Law in Support of its Motion to Dismiss the First and Second Causes of Action. For the reasons articulated by CUNY, the First and Second Causes of Action must be dismissed.

### II. PLAINTIFFS' CLAIMS ALLEGED AGAINST DEAN HOWARD UNDER SECTION 1981, 1983, THE NYSHRL AND THE NYCHRL MUST BE DISMISSED

Plaintiffs' Third Cause of Action is alleged against "all defendants" for a violation of 42 U.S.C. § 1983. Plaintiffs allege that Defendants "engaged in various retaliatory actions" against them in both their individual and official capacities "for complaints of gender and sex discrimination." AC, ¶ 465. Plaintiffs also allege that Defendants "acted to deprive the CUNY 5 of their civil rights, by repeated and insidious actions of harassment, sham investigations, intimidations, bad faith and threats." AC, ¶ 466.

In their Fourth Cause of Action, Plaintiffs allege a "Monell Claim" against Defendants, claiming that CUNY implemented "'official and un-official' policies of gender discrimination and retaliation through its agents…" in violation of Section 1983. AC, ¶ 470.

Plaintiffs' Fifth Cause of Action alleges a violation of 42 U.S.C. § 1981(a) against "all defendants." Plaintiffs allege that Defendants violated Section 1981 by ignoring complaints they made "against a White student," and by conducting "an investigation into the Plaintiff's [sic] herein due to their race and ethnicity, by inter alia, by [sic] harassing and trying to intimidate them through this shame [sic] investigation." AC, ¶¶ 474-75.

Plaintiffs' Sixth, Seventh and Eighth Causes of Action allege gender discrimination, retaliation and racial discrimination under the New York State Human Rights Law ("NYSHRL). AC ¶¶ 479-503. The Ninth, Tenth and Eleventh Causes of Action likewise allege gender discrimination, retaliation and racial discrimination under the New York City Administrative Code ("NYCHRL"). AC, ¶¶ 504-522.

Where, as here, Eleventh Amendment sovereign immunity bars claims, those claims are dismissed for lack of subject matter jurisdiction. *Chichester v. N.Y. State Dep't of Educ.*, 2017 WL 9485676, at *8 (E.D.N.Y. June 15, 2017) ("the Court lacks subject matter jurisdiction over the allegations contained in the Complaint due to sovereign immunity conferred on Defendant pursuant to the Eleventh Amendment").

### A. Plaintiffs' Claims Against Dean Howard in her Official Capacity are Barred by Sovereign Immunity

As discussed thoroughly by CUNY, "the Eleventh Amendment of the United States Constitution bars suits against a state, absent the state's waiver of its sovereign immunity or Congress's abrogation of that immunity." *CUNY Memo., Point I*. There are only limited exceptions to this rule, including that a State may waive its immunity or Congress may abrogate the immunity. *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 243 (E.D.N.Y. 2015).

> The Second Circuit has decisively held that CUNY and its [] colleges…are arms of the state which are immune from suit under the Eleventh Amendment…[i]t is well settled that Congress did not abrogate the State's sovereign immunity by enacting Section 1983 and New York has not waived its immunity with respect to

3

> Section 1983 claims…In addition, New York State has not consented to suit under [NYSHRL or NYCHRL]…

*Id.*, at 243-44 (internal quotations and citations omitted); *Emmons v. City Univ. of New York*, 715 F. Supp. 2d 394, 414 (E.D.N.Y. 2010) (dismissing Section 1981 cause of action against CUNY because such claims were barred by sovereign immunity). Accordingly, neither exception applies, and Plaintiffs' Section 1983, 1981, NYSHRL and NYCHRL claims are barred as against CUNY.

"The State's sovereign immunity also extends to damage actions against state employees acting in their official capacities because the state is the real party in interest." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 322 (S.D.N.Y. 2007) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984) and *Farid v. Smith,* 850 F.2d 917, 921 (2d Cir. 1988)); *see also Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]"). Plaintiffs seek "compensatory and punitive damages" to compensate them for events alleged to have occurred in the past, during the time they were students at CUNY. AC, *Prayer for Relief*. Accordingly, sovereign immunity likewise bars Plaintiffs' 1981, 1983, NYSHRL and NYCHRL claims against Dean Howard in her official capacity. *Goonewardena*, 475 F. Supp. 2d at 329 (dismissing Section 1983 claims against CUNY and CUNY officials because the claims were barred by sovereign immunity); *Emmons*, 715 F. Supp. 2d 394, 414 (dismissing Section 1981 cause of action against two CUNY officials because such claims were barred by sovereign immunity); *Weiss v. City Univ. of New York*, 2019 WL 1244508 (S.D.N.Y. Mar. 18, 2019) (dismissing Section 1981, Section 1983, NYSHRL and NYCHRL claims against CUNY and CUNY officials because such claims were barred by the Eleventh Amendment).

4

12613039

Accordingly, the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action must be dismissed as against Dean Howard in her official capacity pursuant to Federal Rule 12(b)(1).

**B. Plaintiffs' Claims Against Dean Howard in her Individual Capacity Must Be Dismissed**

On a Rule 12(b)(6) motion, although the Court will accept averments of fact as true, the presumption of truth does not extend to pure "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does that presumption extend to allegations "contradicted by more specific allegations or documentary evidence." *VFS Fin., Inc. v. Falcon Fifty LLC*, 17 F. Supp. 3d 372, 379 (S.D.N.Y. 2014). Moreover, as this Court aptly observed, prolixity does not equate to quality, and in many instances (as here) that prolixity is self-defeating. *Powell v. Merrick Acad. Charter Sch.*, 2018 WL 1135551, at *7 (E.D.N.Y. Feb. 28, 2018) (Garaufis, J.) ("Plaintiff's prolix and frequently hard-to-follow pleading is not only replete with extraneous allegations irrelevant to her claims…but also with allegations that actually undermine the inference that she was fired for discriminatory reasons").

Plaintiffs have not sufficiently pled any of their claims against Defendant Howard in her individual capacity, and those claims must be dismissed.

1. Plaintiffs' Section 1983 Claim Must be Dismissed Because Plaintiffs Have Not Alleged a Deprivation of a Constitutional Right.

To establish personal liability under Section 1983, Plaintiffs must allege that the official, acting under color of state law, caused the deprivation of a constitutional right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Section 1983 does not "create substantive rights; it offers a 'method for vindicating federal rights elsewhere conferred.'" *Transitional Servs. of New York v.*

5

*N.Y. State Office of Mental Health*, 91 F. Supp. 3d 438, 442 (E.D.N.Y. Mar. 20, 2015 (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)).

The crux of Plaintiffs' Third Cause of Action (captioned "42 U.S.C. § 1983 Against All Defendants") is retaliation against Plaintiffs in response to their complaints of gender and sex discrimination. AC, ¶ 465. Plaintiffs allege in a conclusory fashion that Dean Howard "acted to deprive the CUNY 5 of their civil rights," (AC, ¶ 466); however, Plaintiffs have not alleged what constitutional right(s) Dean Howard allegedly violated. The failure to allege the right that has allegedly been violated requires dismissal of the Third Cause of Action against Dean Howard. *See e.g., Chandrapaul*, 2016 WL 1611468.

2. Plaintiffs' Cannot Allege a *Monell* Claim Against Dean Howard in Her Individual Capacity.

Plaintiffs further cannot allege a *Monell* claim against Dean Howard in her individual capacity as a matter of law. *Jackson v. Williams*, 2017 WL 1162196, at *3 (N.D.N.Y. Mar. 28, 2017) ("*Monell* does not apply to state officials or to individuals who are sued in their individual capacity." (quoting *Amory v. Katz*, 2016 WL 7377091, at *5 (D. Conn. Dec. 19, 2016)); *Acquah v. City of Syracuse*, 2020 WL 1510405, at *2 (N.D.N.Y. Mar. 30, 2020).

3. Plaintiffs' Section 1981 Claim Does Not State a Claim

Finally, Plaintiffs have failed to adequately allege a Section 1981 claim against Dean Howard (or any other defendant).

To state a claim under § 1981, a plaintiff must allege

(1) [that he or she] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) [that] the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.).

6

*Chinn v. City Univ. of New York Sch. of Law at Queens Coll.*, 963 F. Supp. 218, 226 (E.D.N.Y. 1997). In support of their Section 1981 claim, Plaintiffs allege that Defendants subjected Plaintiffs to retaliation for making "complaints of sex discrimination and retaliation." AC, ¶ 473. Section 1981 does not apply to sex discrimination. While Plaintiffs go on to allege that defendants conducted an investigation into "the Plaintiff's [sic] herein due to their race and ethnicity," as discussed in CUNY's memorandum, Plaintiffs do not allege that they are of the same race and ethnicity, and, more importantly, despite the excessive length of the Amended Complaint, do not allege any facts to support the conclusory assertion that Defendants' alleged retaliation was "because of" their race or ethnicity. *See Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009, 1017 (2020); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011).

   4. Plaintiffs' NYSHRL Claims Must Be Dismissed

Plaintiffs' claims under the NYSRHL are evaluated under the same standard as their analogous claims under Title IX. *Murray v. New York Univ. Coll. of Dentistry*, 57 F.3d 243, 248-29 (2d Cir. 1995); *Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345, 372 (S.D.N.Y. 2017). Dean Howard adopts and incorporates CUNY's arguments in support of its motion to dismiss Plaintiffs' Title IX claims. The NYSHRL claims against Dean Howard should be dismissed for the same reasons as CUNY argues the Title IX claims must be dismissed as against it.

   5. Plaintiffs' NYCHRL Claims Must Be Dismissed

"'The NYCHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory…motives….'" *Wilson v. State of New York*, 2017 WL 9674497, at *17 (E.D.N.Y. Jan. 24, 2017) (quoting *Mazur v. NYC Dept. of Educ.*, 53 F. Supp. 3d 618, 640 (S.D.N.Y. 2014) (internal quotation omitted)).

7

12613039

Further, while NYCHRL claims are analyzed separately from federal and state law-based discrimination and retaliation claims, "[t]he NYCHRL requires that actionable misconduct be 'because of' a protected characteristic." *Id.*

Despite its length, Plaintiffs' Amended Complaint is devoid of allegations of discriminatory motive of Dean Howard (or any other defendant). Further, for the same reasons as discussed in CUNY's motion with respect to Title IX, Plaintiffs' Amended Complaint does not sufficiently allege that any of the purported actions taken by CUNY or Dean Howard were "because of" any protected characteristics of the Plaintiffs. Accordingly, Plaintiffs have failed to sufficiently allege a claim against Dean Howard individually, and, accordingly, the NYCHRL claims must be dismissed.

## CONCLUSION

For the reasons stated above, as well as those set forth in CUNY's memorandum of law, which are incorporated herein as referenced above, Plaintiffs' Amended Complaint must be dismissed.

DATED: New York, New York
July 6, 2021

BOND, SCHOENECK & KING, PLLC

By: *s/Suzanne M. Messer*
Monica C. Barrett, Esq.
Suzanne M. Messer, Esq.
*Attorney for Defendant Cheryl Howard*
600 Third Avenue, 22nd Floor
New York, New York 10016
Telephone: (646) 253-2314
Facsimile: (315) 218-8100
Email: mbarrett@bsk.com
Email: smesser@bsk.com

8

12613039