UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N.P., JACK JASKARAN, AVERY TOLEDO,
PETER ARETE, R.L.,

        Plaintiffs,

vs.

THE CITY UNIVERSITY OF NEW YORK, CHERYL
HOWARD, Individually, and RODNEY PEPE-
SOUVENIR, Individually,

        Defendants.

**ANSWER**

Case No. 1:20-cv-03059-NGG-CLP

        The City University of New York (the "University" or "CUNY"), for its Answer to plaintiffs' Amended Complaint (Dkt. 28), states upon information and belief through its counsel, Ward Greenberg Heller & Reidy LLP, as follows:

    1.    Paragraphs 1 and 2 state legal conclusions, not averments of fact, and thus no response is required.

    2.    Admits that plaintiffs N.P., Jaskaran, Toledo, R.L., and Arete were students at CUNY Law School from 2015 through their graduation in 2018, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 3 through 7.

    3.    Admits the allegations in Paragraphs 8 through 12.

    4.    Paragraphs 13 through 29 state legal conclusions and characterizations of federal and New York State law, not averments of fact, and thus no response is required. The University will refer the Court to the applicable legal authority at the appropriate time.

    5.    Paragraphs 30 through 36 purport to characterize, and in some instances purport to quote, the University's written Title IX policy. The University denies that plaintiffs have fully and accurately characterized and quoted CUNY's written policy. If relevant, and at the appropriate

time, the University will submit to the Court the written policy, in full, for its complete terms.

6. Denies the allegations in Paragraphs 37 through 40.

7. Admits the allegations in Paragraphs 41 and 42.

8. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 43 through 47, and further states that such allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39). The parties will discuss how to handle confidentiality issues at their Rule 26(f) conference and prepare a proposed Order to address such issues.

9. Denies that the investigation was retaliatory or meritless and denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 48.

10. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 49 through 57, and further states that such allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39). The parties will discuss how to handle confidentiality issues at their Rule 26(f) conference and prepare a proposed Order to address such issues. The University further denies any express or implied allegation that it acted improperly or in violation of State or federal law with respect to plaintiffs or any other student referenced in the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 58 through 62.

12. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 63 through 69, and further states that such allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39). The parties will discuss how to handle confidentiality issues at their Rule 26(f) conference and prepare a proposed Order to address such issues. The University further denies any express or

implied allegation that it acted improperly or in violation of State or federal law with respect to plaintiffs or any other student referenced in the Amended Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 70 through 86 due to plaintiffs' use of pseudonyms the "Jane Doe 1" and Jane Doe 2," and further states that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in any event. The parties will discuss how to handle confidentiality issues at their Rule 26(f) conference and prepare a proposed Order to address such issues. Finally, the University states that the allegations in Paragraphs 70-86 are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39).

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 87 through 94, except states that the University is aware of an audio recording, allegedly made by plaintiff N.P., of a conversation between her and Sahagian on or about July 15, 2017. The University denies that plaintiffs have fully or accurately characterized the content of that recording and refers the Court to the recording for its content.

15. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 95 through 103, and further states that such allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39). The parties will discuss how to handle confidentiality issues at their Rule 26(f) conference and prepare a proposed Order to address such issues.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 104 and 105, and further states that such allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39).

17. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 106 through 111, and further states that such

allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39). The parties will discuss how to handle confidentiality issues at their Rule 26(f) conference and prepare a proposed Order to address such issues. Specifically with regard to Paragraph 107, the University denies that the allegations accurately characterize the referenced audio recording and in fact states that plaintiffs have blatantly misrepresented that recording.

18. Denies the allegations in Paragraphs 112 through 117.

19. With regard to the allegations in Paragraphs 118 through 121, the University denies plaintiffs' inaccurate and selective characterization of the "letter," and refers the Court to the source document for its content and its recipients.

20. With regard to the allegations in Paragraph 122, the University admits that on or about July 31, 2017, the University received a letter from Mr. Romano, denies plaintiffs' characterization of the letter, and refers the Court to the source document for its content.

21. Denies the allegations in Paragraphs 123 through 131, and further denies plaintiffs' inaccurate characterization of the referenced documents and refers the Court to the source documents for their content. In fact, plaintiff N.P. surreptitiously made audio recordings of several conversations with CUNY administrators and others (while explicitly denying that she was recording) and those recordings belie some of the allegations in Paragraphs 123 through 131. The University will, at the appropriate time, seek sanctions in the event plaintiffs continue to assert frivolous allegations that are belied by their own evidence.

22. Denies the allegations in Paragraphs 132 through 138, except admits that plaintiff N.P.'s audio recordings reflect Howard's offer to assist plaintiffs with their Character and Fitness reviews after they expressed concerns that certain events might adversely affect those reviews.

23. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraphs 139 and 140.

24. With regard to the allegations in Paragraph 141, admits that plaintiff Jaskaran repeatedly inquired regarding whether certain events alleged would adversely affect his review process for Character and Fitness, and denies the accuracy of plaintiffs' characterization of Howard's response to those inquiries.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 142 through 153, and further states that such allegations are irrelevant to any claim in this action in light of the Court's prior Decision (*see* Dkt. 38-39).

26. With regard to the allegations in Paragraph 154, the University admits that plaintiff Jaskaran contacted University personnel in 2017 to inquire regarding the status of various reports made by or about other students.

27. With regard to the allegations in Paragraph 155, the University denies that "nothing was being done" in response to certain reports made by students and admits that plaintiff Jaskaran was told that confidential reports and information concerning other students could not be shared with him.

28. With regard to the allegations in Paragraphs 156 through 170, the University admits that plaintiff Jaskaran repeatedly met with University personnel on or about the referenced dates to inquire about the status of various reports made by or about other students, and further states that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying specific allegations related to the records of non-party students. The University further denies plaintiffs' characterization of the referenced meetings and communications in Paragraphs 156 through 170 and incorporates the source documents, including emails between the parties, for their content.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

30. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 172 and 173 and denies that Howard told plaintiffs anything that was false.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.

32. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 175 through 178, except states that plaintiffs were the subject of an investigation that resulted in a determination that the allegations against them were unsubstantiated.

33. Denies the allegations in Paragraphs 179 and 180.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 because it is unclear what "formal notice" plaintiffs are referring to.

35. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraph 182.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, except states that plaintiffs graduated from CUNY Law in May 2018 as alleged in their Amended Complaint.

37. Admits that plaintiffs and Sahagian were enrolled in classes together at certain times and denies the allegations in Paragraphs 184 and 185 to the extent plaintiffs imply any wrongdoing by the University.

38. With regard to the allegations in Paragraph 186, admits that on numerous occasions, plaintiff Jaskaran contacted University administrators to inquire about the status of the investigation, and if relevant and at the appropriate time, the University will refer the Court to those contemporaneous documents for their content.

39. Admits that Paragraphs 187 and 188 purport to quote from email communication and refers the Court to the source documents for their content.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

41. Admits that Paragraph 190 purports to quote from email communication but denies plaintiff's characterization of that communication, and refers the Court to the source document for its content.

42. With regard to the allegations in Paragraph 191, admits that Ms. Pepe-Souvenir responded to plaintiff N.P. on March 16, 2018, and refers the Court to the contemporaneous email communication for its complete content and context.

43. With regard to the allegations in Paragraph 192, admits that the referenced individuals scheduled interviews on March 22, 2018, and denies any implication of any wrongdoing by the University.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193.

45. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in in Paragraphs 194 and 195.

46. Denies the allegations in Paragraph 196.

47. Denies the characterization of events alleged in Paragraph 197, except admits that Ms. Pepe-Souvenir repeatedly communicated with plaintiffs by phone and email regarding the status and anticipated conclusion date of her investigation and that the anticipated conclusion date changed over time as the investigation proceeded.

48. With regard to the allegations in Paragraph 198, admits that plaintiff N.P. and Ms. Pepe-Souvenir met in person for the first time on or about March 22, 2018 (not 2017, which

appears to be a typographic error in the Amended Complaint), and discussed the nature and status of the ongoing investigation.

49. Denies the allegations in Paragraph 199.

50. With regard to the allegations in Paragraph 200, admits that plaintiff N.P. provided an audio recording that she said she had made, and denies plaintiffs' characterization of the content of that recording.

51. Denies that the allegations in Paragraphs 201 through 202 accurately characterize the referenced conversation, but admit that plaintiff N.P. and Ms. Pepe-Souvenir spoke on or about March 22, 2018 about the nature and status of the investigation.

52. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 203 through 205 to the extent they purport to refer to allegations against other students, but deny that the allegations accurately characterize the referenced events.

53. With regard to Paragraph 206, admits that the quoted language appears in the referenced email and refers the Court to the source document for its complete terms.

54. Denies the allegations in Paragraphs 207 through 210 and refers the Court to Ms. Pepe-Souvenir's investigation report for a summary of the content of the referenced interviews.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 211.

56. With regard to Paragraph 212, admits that plaintiff Jaskaran submitted certain records during the course of the investigation and states that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the specific allegations in Paragraph 112.

57. With regard to Paragraph 213, denies that plaintiffs accurately characterize the

University's policy or federal law and refers the Court to the applicable written policy and federal law regarding the conduct of Title IX investigations.

58. Admits that Paragraph 214 purports to quote a portion of an email from Ms. Pepe-Souvenir to plaintiff Jaskaran, and refers the Court to the source document for its content.

59. Denies the allegations in Paragraph 215.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216.

61. Admits that Ms. Howard emailed plaintiff Jaskaran on or about April 11, 2018, and denies that Paragraph 217 accurately characterizes the email, and refers the Court to the source document for its content.

62. Denies knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraphs 218-221.

63. Denies that the investigation of plaintiffs was retaliatory or a "sham," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222.

64. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 223 through 228 to the extent they purport to refer to allegations against other students, but denies that the allegations accurately characterize the referenced events.

65. Denies the allegations in Paragraph 229.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 230 through 233.

67. Denies that any request by any plaintiff was "ignored" and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 234.

68. Denies the allegations in Paragraphs 235 through 236.

69. Admits that Ms. Pepe-Souvenir repeatedly updated plaintiffs regarding the status and anticipated conclusion date of her investigation and denies that the quoted language in Paragraph 237 fairly, fully, or accurately quotes Ms. Pepe-Souvenir.

70. With respect to the allegations in Paragraph 238, admits that Ms. Pepe-Souvenir's investigation of plaintiffs remained ongoing between March and October 2018 and that, during that time frame, plaintiffs completed their final exams, graduated from CUNY Law School, and studied for and say for the Bar exam.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 239 through 240.

72. Denies the allegations in Paragraph 241.

73. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 242.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 243 through 245.

75. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 246.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248.

78. Admits that the quoted language in Paragraph 249 is contained in an email from Ms. Howard to plaintiff Jaskaran dated May 2, 2018.

79. Denies the allegations in Paragraph 250.

80. With regard to Paragraph 251, admits that Dean Howard regularly met with students and denies that plaintiff Jaskaran was denied such opportunity.

81. With regard to Paragraph 252, admits that Ms. Pepe-Souvenir spoke with plaintiff Jaskaran's attorney in May 2018 and denies the remaining allegations.

82. Denies that Paragraphs 253 through 260 accurately characterize the referenced communications.

83. With regard to Paragraph 261, denies the investigation was frivolous, retaliatory, or improper, and denies knowledge or information sufficient to form a belief as to the truth of the allegations related to conversations between and among the plaintiffs.

84. Denies that Paragraphs 262 through 266 accurately characterize the referenced communication.

85. With regard to Paragraph 267, the University admits that plaintiff N.P. recorded the referenced conversation, and refers the Court to the audio recording for its content.

86. Admits the allegations in Paragraph 268.

87. Admits that security staff were present at the 2018 graduation and denies the remaining allegations in Paragraph 269.

88. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 270.

89. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraph 271.

90. With regard to the allegations in Paragraphs 272 through 289, the University states that at certain times and under certain conditions it has permitted classmates to utilize empty classrooms to study for the Bar exam, denies that students are permitted to "monopolize" such rooms, denies that anyone at the University ever intentionally denied plaintiff Jaskaran access to a

room as retaliation for any protected activity by him, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 272 through 289.

91. Admits that Dean Bilek met with plaintiffs N.P. and Arete on or about June 11, 2018, and denies that the allegations in Paragraph 290 accurately characterize Dean Bilek's statements.

92. With regard to Paragraphs 291 through 292, denies that the allegations accurately characterize the referenced documents and refers the Court to the source documents for their content.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 and 294.

94. Denies the allegations in Paragraph 295.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 regarding the particular time at which Ms. Pepe-Souvenir opened the referenced communication, denies that Ms. Pepe-Souvenir never did call plaintiff Jaskaran, and refers the Court to the source document for its content.

96. With regard to Paragraph 297 through 305, denies knowledge or information sufficient to form a belief as to the truth of allegations concerning the precise time of the referenced call, and denies plaintiffs' characterization of the content of the call.

97. With regard to the allegations in Paragraph 306, admits that plaintiff Jaskaran provided Ms. Pepe-Souvenir with documentation that he purported to have received through a FOIL request.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307.

99. Denies the allegations in Paragraph 308.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 309 through 311.

101. Admits that Paragraph 312 accurately quotes a portion of a communication from Ms. Zorn to plaintiff Jaskaran and refers the Court to the source document for its content.

102. Denies the allegations in Paragraph 313.

103. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 314 through 319.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 320 through 322.

105. States that Paragraphs 323 through 327 state opinions and speculation, not averment of fact, and thus no response is required. To the extent a response is required, the University denies knowledge or information sufficient to form a belief as to the truth of such allegations.

106. With regard to the allegations in Paragraph 328 and 329, denies the investigation was "frivolous" and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 328 and 329.

107. Denies the allegations in Paragraphs 330 and 331 and refers to the parties' communications, many of which plaintiffs recorded, for their content.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332.

109. With regard to the allegations in Paragraphs 333 through 336, denies that such allegations accurately characterize the referenced conversation.

110. With regard to the allegations in Paragraph 337, denies the existence of any

"inconsistency."

111. With regard to Paragraphs 338 and 339, admits that the University provided plaintiff Jaskaran with a copy of the referenced document and that it contains the quoted language.

112. Denies the allegations in Paragraphs 340 through 346.

113. With regard to the allegations in Paragraph 347, denies that the investigation was "frivolous," admits that plaintiff NP and Jaskaran wrote emails in which they referenced a lawsuit and/or communicating with the press and refers to those communications for their content, and admits that the Dean Bilek provided plaintiffs with a letter stating the outcome of the investigation, which concluded the allegations against plaintiffs were "unfounded."

114. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 348 through 351.

115. With respect to the allegations in Paragraph 352, denies knowledge and information sufficient to form a belief as to the truth of the allegations, except to the extent the University is aware of the publicly filed lawsuit and refers the Court to the publicly available case docket for its content.

116. Denies the allegations in Paragraphs 353 and 354.

117. Paragraphs 355 and 356 constitute characterizations of purported law, not averments of fact, and thus no response is required. The University denies that plaintiffs have accurately stated the requirements of the Clery Act.

118. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 357 through 360.

119. With regard to Paragraph 361, denies any "statistical manipulation" or reporting inaccuracy and denies that plaintiffs accurately characterize the applicable law.

120. With regard to Paragraphs 362 through 366, denies that the allegations accurately

characterize the referenced communications and refers the Court to the source documents for their content.

121. Denies Paragraph 367.

122. Denies Paragraphs 368 through 378.

123. With regard to Paragraph 379, denies the investigation was frivolous and admits that plaintiff Jaskaran purported to submit FOIL requests and FERPA waivers for the report.

124. With regard to Paragraph 380, admits that plaintiff Jaskaran was provided portions of the referenced report.

125. Denies Paragraph 381 through 386 and refers the Court to the source document for its content.

126. States that Paragraph 387 is ambiguous and incapable of being admitted or denies, and states that the timeline of the investigation is set forth in the referenced report.

127. States that FERPA and/or Title IX may be deemed to prohibit the University from admitting or denying the allegations in Paragraphs 388 and 389.

128. Denies Paragraph 390.

129. Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 391 through 393.

130. Denies Paragraph 394.

131. With regard to Paragraph 395, admits that plaintiffs sent numerous emails and spoke with various University officials during 2017 and 2018, including the identified individuals, and denies that the University gave no response.

132. With regard to Paragraph 396, denies plaintiffs were subject to an adverse action or that the investigation was carried out due to their reports of alleged misconduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations

concerning plaintiffs' alleged emotional distress or medical treatment.

133. With regard to Paragraphs 397 through 402, states that these allegations constitute statements of purported law, not fact, and thus no response is required. To the extent a response is required, the University denies the allegations.

134. Admits that plaintiff R.L. was investigated based on allegations that were unfounded and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 403.

135. Denies the allegations in Paragraphs 404 through 418.

136. With regard to the allegations in Paragraph 419, admits that the investigation of plaintiffs was referred to Ms. Pepe-Souvenir.

137. Denies the allegations in Paragraphs 420 through 428.

138. States that Paragraph 429 is a purported statement of law, not an averment of fact, to which no response is required.

139. Denies the allegations in Paragraphs 430 through 435.

140. With regard to Paragraph 436, denies the existence of "discriminatory practices on the campus" and states that the Interim Dean reiterated the University's commitment and dedication to robust anti-discrimination policies.

141. States that Paragraphs 437 and 438 quote from an email and refers the Court to the source document for its content and context.

142. Denies the allegations in Paragraphs 439 and 440.

143. The University states that Paragraphs 441 through 455 relate solely to plaintiffs' now dismissed claim for Title IX deliberate indifference (*see* Dkt. 38-39), and thus these allegations are moot.

144. The University states that Paragraphs 456 through 463 recite the boilerplate

elements of plaintiffs' claim for Title IX retaliation. The University incorporates its prior responses to plaintiffs' allegations and denies the boilerplate recitation of legal elements.

145. The University states that Paragraphs 464 through 522 relate solely to claims that plaintiffs either voluntarily withdrew or the Court dismissed (*see* Dkt. 38-39), and thus these allegations are moot.

146. The University denies any allegations not explicitly addressed above.

## DEFENSES

Without accepting and burdens of proof that do not otherwise exist, the University asserts the following defenses.

147. Some or all plaintiffs fail to state a claim upon which relief may be granted.

148. Upon information and belief and subject to discovery, some or all plaintiffs' claims are time-barred.

149. Plaintiffs' theory of retaliation is preempted by federal law.

150. Plaintiffs failed to mitigate their alleged damages.

151. All of the decisions taken with respect to plaintiffs were based on legitimate, non-retaliatory, non-discriminatory considerations.

152. At all times relevant to the acts alleged in the complaint, defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice and carried out in conformity with the Constitution and laws, Rules and Regulations of the State and City of New York and CUNY.

Dated: October 24, 2022  **WARD GREENBERG HELLER & REIDY LLP**

By:    s/Thomas S. D'Antonio
      Thomas S. D'Antonio
      Joshua M. Agins

1800 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 454-0700
Facsimile: (585) 423-5910

*Attorneys for defendant The City University of New York*